ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220

Local Counsel for Plaintiff

PAUL D. WEXLER
BRAGAR WEXLER & EAGEL, P.C.
885 Third Avenue
New York, New York 10022
Telephone: (212) 308-5858

GLENN F. OSTRAGER
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
250 Park Avenue
New York, New York 10177-0899
Telephone: (212) 681-0600

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW E. ROTH, derivatively on behalf of BROCADE COMMUNICATIONS SYSTEMS, INC.,

Plaintiff,

v.

GREGORY REYES, MICHAEL BYRD, ANTONIO CANOVA, JACK CUTHBERT, and BROCADE COMMUNICATIONS SYSTEMS, INC.,

Defendants.

No. C 06 2786

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

**JURY TRIAL DEMANDED**

Plaintiff Andrew E. Roth, by his attorneys, complaining of defendants, alleges as follows upon information and belief as to all allegations, except those contained in paragraph 1:

**THE PARTIES**

1. Plaintiff is a New York resident who is the owner of common stock of Brocade Communications Systems, Inc. ("Brocade" or the "Company"). Brocade maintains its principal offices at 1745 Technology Drive, San Jose, California 95110.

2. Brocade, a nominal defendant herein, is a Delaware corporation.

3. Defendant Gregory Reyes ("Reyes"), a former Chief Executive Officer and director of the Company, is presently a consultant to the Company's Chief Executive Officer and Board of Directors. Reyes maintains an office at the Company's headquarters at 1745 Technology Drive, San Jose, California 95110.

4. Defendant Michael J. Byrd ("Byrd") is a former Vice President, Chief Financial Officer, and Assistant Secretary of the Company. Byrd maintains an office at 120 San Gabriel Drive, Sunnyvale, California 94086.

5. Defendant Antonio Canova ("Canova") is the Company's Chief Financial Officer and Vice President, Administration. Canova maintains an office at the Company's headquarters at 1745 Technology Drive, San Jose, California 95110.

6. Defendant Jack Cuthbert ("Cuthbert") is a former Vice President, North American Sales and Marketing of the Company, and presently is a consultant to Company's Chief Executive Officer and Chairman of the Board of Directors. Cuthbert maintains an office at the Company's headquarters at 1745 Technology Drive, San Jose, California 95110.

**JURISDICTION AND VENUE**

7. This action is brought derivatively on behalf of Brocade pursuant to §16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §78p ("§16(b)" or "Section 16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this Court and venue in this district are proper under 15 U.S.C. §78(a)(a).

## **THE GOVERNING LAW**

8. Section 16(b) of the Exchange Act provides that if a person, who is an officer or director of an issuer of a class of registered equity securities, purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

9. SEC Rule 16b-3(d) provides an exemption for "transactions between an issuer and its officers or directors" if the transaction satisfies certain conditions. The Rule requires, *inter alia*, that the Board or a committee of non-employee directors of the Board approve the transaction in advance and in good faith, as a gate-keeper, with an eye toward preventing speculative abuse by its officers and directors. The Securities and Exchange Commission noted in the Release proposing the Rule that it sought to craft a rule that, consistent with the statutory purpose of Section 16(b), erected meaningful safeguards against the abuse of inside information by officers and directors without impeding their participation in legitimate compensatory transactions. Ownership Reports and Trading by Officers, Directors and Principal Stockholders, Exchange Act Release No. 36356, 60 Fed. Reg. 53832, 53835, 60 SEC Docket 1393, 1396, 1995 WL 597472 at *3, *7 (Oct. 11, 1995).

## **BACKGROUND**

10. On or about November 14, 2005, the Company filed a Form 10-K/A with the SEC reporting the results of an investigation by the Audit Committee of the Board relating to past stock option grants. The Form 10-K/A reported that the investigation was conducted in response to a formal order of investigation by the SEC regarding the Company's accounting for the grant of certain stock options under the Company's option plan. The Form 10-K/A reported that between 1999 through at least 2004, stock options granted by the Company to its officers and directors, including defendants Reyes, Byrd, Canova and Cuthbert (collectively, the "Individual Defendants"), were improperly accounted for in the Company's financial statements.

11. Based upon the SEC investigation, the Company improperly priced the stock options to benefit the recipients. In particular, the Company used artificial grant dates in order to provide

option recipients with lower exercise prices.  Because the Company used artificial grant dates, these stock option grants were not granted in conformance with the requirements of the Company's stock option plan and were not properly approved by the Company under SEC Rule 16b-3(d).

12. During the period of 1999 through at least 2002, the Individual Defendants engaged in sales of the Company's stock at various times that occurred within six months of the improper option grants set forth above.  These sale transactions took place within the statutory six month short-swing profit period prescribed by Section 16(b).

13. The Individual Defendants reported the foregoing transactions in Form 4 filings with the SEC, wherein they asserted that option grants were exempt from the statute under the Company's option plan.  17 C.F.R. §240.16b-3(d)(1).  For reasons more fully set forth below, this exemption is unavailable because the Company did not act pursuant to the option plan.

### DEFENDANTS' OPTION GRANTS ARE NON-EXEMPT PURCHASES UNDER SECTION 16(B)

14. Because the option grants referred to herein were not properly approved by the Company's Compensation Committee, these option grants are not exempt under SEC Rule 16b-3(d) and constitute non-exempt purchases under Section 16(b).  *See Gryl v. Shire Pharmaceuticals Group PLC*, 298 F. 3d 136,141 (2d Cir. 2002).

### AS AND FOR A CLAIM FOR RELIEF

15. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16. At all relevant times, each of the Individual Defendants was an officer or director of the Company.

17. Under Section 16(b), the option grants received by the Individual Defendants were purchases, and are matchable with sales of stock made by the Individual Defendants within the six-month statutory period.

18.     As a result, the Individual Defendants garnered an indeterminate sum of short-swing profits which is subject to disgorgement, which is believed to be substantially in excess of $50 million.

### ALLEGATION AS TO DEMAND

19.     On January 10, 2006, plaintiff made demand upon Brocade to commence this lawsuit. Brocade has failed to do so.

**WHEREFORE**, plaintiff demands judgment on behalf of Brocade against defendants, as described above, plus attorneys' fees and costs, interest and such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Dated: April 24, 2006

SCHUBERT & REED LLP

_____
ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220

Local Counsel for Plaintiff

PAUL D. WEXLER
BRAGAR WEXLER & EAGEL, P.C.
885 Third Avenue
New York, New York 10022
Telephone: (212) 308-5858

GLENN F. OSTRAGER
OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C. LLP
250 Park Avenue, Suite 825
New York, New York 10177-0899
Telephone: (212) 681-0600

Counsel for Plaintiff

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934